C. A. REIS et al., Appellants,

v.

NORTON COAL CORPORATION, Appellee.

Court of Appeals of Kentucky.
April 28, 1961.

Thomas E. Sandidge and James S. Sandidge, Owensboro, W. D. Bratcher, Greenville, for appellants.

Stites, Wood, Helm & Peabody, Louisville, Moore & Morrow, Madisonville, for appellee.

CULLEN, Commissioner.

The circuit court entered judgment dismissing the complaint of the lessor under a coal lease seeking cancellation of the lease on the ground of abandonment. The lessor has appealed.

The lease, executed in 1946, provided for a 30-year term, with options for renewals for additional 10-year periods. It contained provisions for minimum royalties in varying amounts for the first five years, during which extensive reconditioning and equipping of the mine would be necessary. It provided that in any event the reconditioning and equipping must be completed in a reasonable time after the beginning of the sixth year of the lease and that thereafter the "production of coal must then proceed." It required the payment of a minimum advance royalty of $250 per month beginning with the regular production of coal.

The lessee paid the prescribed minimum royalties during the reconditioning period, which was completed early in 1949, and from March 1949 to March 1951 the lessee produced coal from the mine and paid the royalties due thereon. In March 1951 the lessee discontinued its operations and from that time until July 1956 no mining activity was carried on. During this period the lessee removed the machinery and equipment, including the trackage in the mine, permitted the tipple and other structures to disintegrate, and the mine to fill with water. However, all during this period the lessee paid, and the lessor accepted, the minimum advance royalty of $250 per month, pumped water to certain houses of the lessor in accordance with a provision of the lease, and paid taxes and insurance on the property.

The lessor did not invoke the forfeiture provisions of the lease, which called for the giving of notice. Instead, he brought this action, in July 1956, asserting abandonment and asking that the lease be canceled on that ground.

A thorough review of our cases relating to abandonment of mineral leases is found in Cameron v. Lebow, Ky., 338 S.W.2d 399. It will be sufficient here to say that in no case has this Court adjudged an abandonment where the lessee had continued to pay minimum royalties in a substantial amount. In fact, in Monarch Oil & Gas Co. v. Hunt, 193 Ky. 315, 235 S.W. 772, the Court said the conduct of the lessee in going away and leaving the property for an unreasonable time without any effort to further develop or produce will amount to an abandonment *unless the lease is kept in force by the payment of rentals.*

The appellant cites Chauvenet v. Person, 217 Pa. 464, 66 A. 855, 11 L.R.A.,N.S., 417, as authority for the proposition that acceptance by the lessor of minimum royalty payments by the lessee does not bar the lessor from asserting a *forfeiture,* on the ground that the royalty payments merely constitute consideration for the exercise by the lessor of forbearance to annul the lease. However, this is no authority for the proposition that a lessee who continues to make payments of substantial minimum royalties may be charged with *abandonment.* In fact, the theory of the Pennsylvania case that the royalty payments constitute consideration for the lessor's continuing of the lease in force is inconsistent with any concept of abandonment.

Abandonment is a matter of intent. Cameron v. Lebow, Ky., 338 S.W.2d 399, and cases therein cited. We can find no basis for an implication of an intent to abandon on the part of a lessee who is continuing to pay substantial minimum royalties.

The appellant suggests that there is a distinction between abandonment of the *enterprise* of producing coal and abandon-

ment of the property interest in the coal itself, and that it is sufficient to warrant cancellation of the lease if the lessee abandons the enterprise. However, as we view it, if there can be such a thing as abandoning the *enterprise* under a contract as distinguished from abandoning an interest in tangible property created by the contract, the person charged with abandoning the enterprise must have abandoned the entire *contract,* and not merely a part of it. Here, the lessee continued to recognize and observe the contract in regard to paying minimum royalties, pumping water, and paying taxes and insurance. To hold that the lessee's failure to carry on operations in accordance with the other provisions of the contract constituted an abandonment would amount to a holding that a partial breach of a contract constitutes an abandonment of the contract—a proposition for which we find no authority in the law of contracts.

The judgment is affirmed.